NICOLÁS QUIÑONES JIMÉNEZ, Plaintiff and Appellee, *v.* GILBERTO ALCAIDE ARROYO ET ALS., Defendants and Appellants.

No. 10401. Argued April 5, 1951.—Decided June 29, 1951.

*Rafàel A. Arroyo Ríos* for appellants. *Miranda Esteve & Martínez Alvarez, Jr.,* for appellee.

MR. ACTING CHIEF. JUSTICE TODD, JR., delivered the opinion of the Court.

Upon rendering judgment granting the complaint for legal redemption in this case, the District Court of Puerto Rico, Caguas Section, made the following findings of fact:

"1. That the plaintiff is the owner of the property of 4.84 cuerdas described in the fourth paragraph as follows: (Description).

"2. That the codefendant, María Nieves Rodríguez, and her daughter are the owners of the parcel of land of one cuerda described as follows: (Description).

"3. That plaintiff is the sole owner of the land adjacent to the parcel of land which does not exceed one hectare, owned by María Nieves Rodríguez and her daughter.

"4. That on June 10, 1944 María Nieves Rodríguez and her deceased husband, Gilberto Alcaide Arroyo, purchased for

$2,200 from Joaquín Jiménez Santa the property of one cuerda hereinbefore referred to, as appears from deed No. 47 of even date, executed before Notary Juan Calzada González, which deed has never been presented to the Registry of Property of Caguas for registration. Gilberto Alcaide Arroyo, codefendant María Nieves Rodríguez's husband, died after the filing of the original complaint and was substituted by his heirs, namely, the daughter born of his marriage with the codefendant, María Nieves Rodríguez.

"5. That plaintiff's and defendant's properties are adjacent and not divided by brooks, drains, ravines, roads, or other apparent easements.

"6. That from defendant's title of acquisition of the one-cuerda farm it appears that said property is encumbered by a mortgage constituted in the same deed, in the amount of $1,200 as principal, in favor of the codefendant, Juan Sixto Marcano.

"7. That prior to the purchase of the farm of one cuerda, said property was in the possession, under a lease, of defendant María Nieves Rodríguez's mother, Mrs. María Serrano, from 1919 until the date of her death on February 19, 1943. Henceforth and until María Nieves Rodríguez and her deceased husband, Gilberto Alcaide Arroyo, purchased, the property was in the latter's possession, also under a lease.

"8. That with the express consent of the previous owner of the property of one cuerda, Joaquín Jiménez Cruz, codefendant Joaquín Jiménez Santa's predecessor, the original lessee, María Serrano, codefendant María Nieves Rodríguez Serrano's mother, proceeded to build, at her own expense, the following constructions: (Some small houses and sheds for baths and latrines are described).

"9. That María Nieves Rodríguez is at present a co-owner of the undivided half of the constructions built by her deceased mother, María Serrano, and which are described in the preceding paragraph.

"10. That on June 21, 1944, plaintiff was informed that the codefendant, Joaquín Jiménez Santa, had sold the one-cuerda property involved in this action for redemption, and after duly investigating he learned, on June 23, 1944, that said codefendant had indeed sold the aforesaid property to the spouses Gilberto Alcaide Arroyo and María Nieves Rodríguez, by deed executed June 10, 1944, before notary Juan Calzada González.

"11. That the property of one cuerda owned by the co-defendant, María Nieves Rodríguez, and her daughter, Migdalia Alcaide Rodríguez, is a rural, not an urban, estate since, even though it is true that some constructions stand thereon —those previously described—however, the largest part of the property, about three-fourths thereof, is pasture, mostly natural, and used for grazing. In this sense we credit the evidence offered by the plaintiff which was authentically corroborated by our inspection. Furthermore, the property is, although this may not be decisive, out of the perimeter of the town adjoining other rural properties, save the North boundary which abuts on a side road.

"12. The plaintiff bound himself to deposit and pay for all necessary and useful expenses incurred by the defendants in the property, as soon as the amount thereof was established and known."

Citing § § 1411 and 1413 of the Civil Code, 1930 ed., [1] in its conclusions of law the court decided that the redemption sought lay.

Not agreeing with the judgment, the defendants appealed and assert here that the lower court erred in declaring that the complaint states facts sufficient to constitute a cause of action, in declaring that plaintiff's right, as an adjacent owner, to redeem the property, is preferred over the defendant María Nieves Rodríguez's right to obtain said property on the ground that she was a co-owner of the constructions built in good faith and existing on said property, and

---

[1] Sections 1411 and 1413 of the Civil Code provide as follows:

"Section 1411.—Legal redemption is the right to be subrogated, with the same conditions stipulated in the contract, in the place of the person who acquires a thing by purchase or in payment of a debt."

"Section 1413.—The owners of the adjacent lands shall also have the right of redemption when the sale of a rural estate is involved the area of which does not exceed one hectare.

"The right referred to in the preceding paragraph is not applicable to adjacent lands which are divided by brooks, drains, ravines, roads, and other apparent easements for the benefit of other estates.

"If two or more adjacent owners should make use of the redemption at the same time, the one who is owner of the adjacent land of lesser area shall be preferred; and, should both be equal in area, the person who first requested it."

in considering and declaring that the property to be redeemed is a rural estate.

■■ Appellants claim that the complaint is insufficient: (1) because it does not allege that the plaintiff bound himself not to sell for four years the property he redeems, and (2) because the plaintiff did not make a valid deposit inasmuch as a certified check is not legal tender of the United States.

Subdivision 5 of § 1616 of the Law of Civil Procedure of Cuba and Puerto Rico, equivalent to § 1618 of the Law of Civil Procedure of Spain of 1881, provides that "In order that an action for redemption may be allowed it is necessary: . . . 5. That the *cotenant* bind himself not to sell his *interest in the property he redeems* for four years." (Italics ours.) We have held that said provision is in force in Puerto Rico. *González* v. *Acha et al.*, 21 P.R.R. 124; *Vellón* v. *Central Pasto Viejo*, 34 P.R.R. 226; *Martínez* v. *Pirallo*, 61 P.R.R. 87; *Noble* v. *Rodríguez*, 69 P.R.R. 447.

The appellants argue that the promise not to sell for four years, notwithstanding that it refers to the "cotenant" in connection with the "interest in the property he redeems," is also applicable to legal redemption by owners of adjacent lands for we must construe the word "cotenant" as equivalent to the word "redeemer." We can not agree with this forced construction of the clear provision of the statute. The Supreme Court of Spain does not agree either for in its Judgment of April 3, 1946, 15 *Repertorio de Jurisprudencia Civil* 779, it stated as follows:

"The fact that the pledge of the redeemers 'not to sell for four years their interest in the property they redeem', required by said provision in cases of redemption by cotenants, does not appear in the record, must not be deemed a violation of § 1618 of the Law of Civil Procedure, whenever the redemption happens to be actually exercised by owners of adjacent lands."

*Noble* v. *Rodríguez*, *supra*, and *Vellón* v. *Central Pasto Viejo*, *supra*, cited by the appellants, are no authority to

support their contention because said cases involved redemption by co-owners and not by owners of adjacent lands.

▇▇▇ As to the other ground regarding the inadequate deposit by certified check [2] the appellants claim that the Sections of the Civil Code in connection with tender of payment and consignation [3] and the decisions construing them, must be applied, citing to this effect *Silva et al.* v. *Aboy, Georgetti & Co., Ltd.,* 20 P.R.R. 71 and *Juncos Central Co.* v. *Del Toro,* 30 P.R.R. 306.

In *González* v. *Acha, supra,* pp. 128–9, we held that *"the sections of the Civil Code governing deposits in cases in which it is necessary to make them in order to produce the effects of payment, are not applicable to the deposit required in actions for redemption;* nor is it necessary in said actions to tender the amount before bringing the action, for the law which exacts the deposit does not so require." (Italics ours.) In the case at bar the certified check consigned was deposited by the Clerk of the court in the National City Bank, Caguas Branch. Section 1621 of the Code of Civil Procedure of Spain provides that "The Judge . . . shall order the deposit of the amount consigned in the public establishment devoted to such purpose . . ." We must presume that the National City Bank is the depositary of the funds corresponding to the District Court of Puerto Rico, Caguas Section. In fact there is no doubt that the amount deposited there will be at the disposal of the appellants upon the execution of the judgment. The first error was not committed.

▇▇ By the second error the appellants maintain that the defendant, María Nieves Rodríguez, has a preferred right over the plaintiff to acquire the land to be redeemed inasmuch as to all purposes in this action, it must be considered that said defendant is a cotenant or co-owner of that land

---

[2] Subdivision 2 of § § 1616 and 1618, *supra,* requires "That the price, if known, be deposited, and otherwise that security be furnished to do so as soon as the price becomes known."

[3] Sections 1130 to 1135 of the Civil Code, 1930 ed.

or, in the alternative, that she has a preferred right pursuant to § 297 of the Civil Code, 1930 ed.[4]

As to the first question the appellants cite § 326 of the Civil Code [5] and several Judgments of the Supreme Court of Spain which have acknowledged that although a community of property in its true sense does not exist between the owner of the land and the person entitled to the planting or the owner of the woodland, they may be considered as co-owners, which engenders a juridical relation analogous to a community that justifies considering the latter, for redemption purposes, as co-owners. See Judgments of January 20, 1880; July 12, 1881; March 9, 1893; May 17, 1898; July 9, 1903; February 21, 1920 and March 9, 1922.

Said Judgments are inapplicable to the situation presented in the case at bar. The defendant, María Nieves Rodríguez, was a lessee of the parcel of land to be redeemed. There is nothing in the evidence to show that she owned the pasture or trees existing thereon on the date said land was sold. On the contrary, the appellants, in discussing the third error, claim that there is no pasture nor trees on the property which might render it rural.

As to the second point the appellants attempt to show incompatibility between the provision contained in § 297 of the Civil Code, *supra*, regarding accession and the provisions governing legal redemption. There is no such conflict. The right of the owner of the land to make his anything built in good faith, upon the corresponding payment, is a right

---

[4] Section 297 of the Civil Code provides:

"The owner of the land which has been built upon, sown, or planted in good faith, has the right to appropriate as his own, the work, sowing or planting, by previously paying the indemnity specified in sections 382 and 383 of this Code, and to oblige the person who has built or planted to pay him the value of the land, and the person who sowed, to pay the corresponding rent."

[5] Section 326 provides insofar as pertinent as follows:

"When the ownership of a thing or of a right belongs undividedly to different persons, it is held to be owned in common."

which devolves upon the redeeming owner of adjacent land upon being subrogated in the rights of the owner, and to that effect, the judgment in this case provided that the defendant María Nieves Rodríguez should execute a deed of legal redemption in favor of the plaintiff, upon payment by the latter of all useful and necessary expenses incurred in the property. The cancellation of the mortgage on the property in favor of the defendants, Juan Sixto Marcano and his wife, was also prescribed, upon the plaintiff paying the amount thereof.

■■ The last error assigned tends to challenge the weighing of the evidence by the court *a quo* in deciding that the land to be redeemed is a rural property. In arriving at this conclusion the court stated, as we have seen in its findings of fact, that it believed plaintiff's evidence, "which was authentically corroborated by the inspection," stating further that although there were certain constructions on the property, the largest part thereof, about three-fourths, is pasture, mostly natural, and used for grazing, the property being, besides, out of the perimeter of the town and adjacent to other rural estates and a side road.

We have examined the transcript of evidence, and plaintiff's evidence believed by the court and corroborated by the inspection is sufficient to justify the conclusion reached by the court. The fact that there is a school in one of the houses of the farm and a small shop in another, does not disprove the fact that the property is rural. There are many rural schools and small shops in rural farms throughout the Island and that fact does not render them urban properties. It is rather the predominant nature of the use of the farm which determines its condition inasmuch as the Code does not define it. To this effect Scaevola, Civil Code, Volume 23, p. 890, says that "it is elementary that by rural lands we understand those located beyond the limits of a town, the main purpose

of which, even though they are untilled, is cultivation or the raising of livestock" and "by urban properties, the constructions in a town and mainly used as a dwelling or living place for man."

The judgment will be affirmed.